### In re LICHTENBERG.

(Supreme Court, Appellate Division, First Department. November 14, 1913.)

ATTORNEY AND CLIENT (§ 53*)—DISBARMENT—PROCEEDINGS.

Where respondent, on the report of a special master appointed to take testimony, was suspended from practice by the U. S. District Court for professional misconduct in a bankruptcy proceeding therein, and the bar

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

association presented the charges to the state court, the facts of the misconduct charged must be investigated by the state court, unless the respondent consents to a submission on the testimony taken before and the finding made by the special master.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 74, 75; Dec. Dig. § 53.*]

In the matter of the application to discipline Louis Lichtenberg, an attorney, for professional misconduct. Respondent given leave to answer.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Einar Chrystie, of New York City, for petitioner.

George Landon, of New York City, for respondent.

PER CURIAM. The respondent was charged, together with one Nathan Kopf, with professional misconduct by the United States District Attorney, which charges were brought on before the United States District Court for the Southern District of New York, which appointed a special master to take the testimony and report. The charges related to the respondent's misconduct in certain bankruptcy proceedings before the United States District Court, which upon that report has convicted the respondent, and ordered him suspended from practice for one year.

The Association of the Bar of the City of New York has brought the matter to this court upon the testimony and report of the special master. The respondent has submitted an answer.

We think the charges are sufficiently serious to require an investigation. If the respondent is willing to submit the charges to this court upon the testimony taken by the special master and his findings, they can be so submitted, and the court will determine what, if any, discipline should be imposed. If, however, the respondent wishes to have another investigation of the charges, the matter will be referred to an official referee.